UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sam Hairston, III,  :  Case No. 1:10CV0019
　　　　　　　　　　　　　　:
　　　　Petitioner  :  Judge Lesley Wells
　　　　　　　　　　　　　　:
　　v.  :  Magistrate Judge David S. Perelman
　　　　　　　　　　　　　　:
Bennie Kelly, Warden,  :
　　　　　　　　　　　　　　:  **REPORT AND RECOMMENDED**
　　　　　　　　　　　　　　:  **DECISION**
　　　　Respondent  :

　　　　In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his June 16, 2005 conviction pursuant to a jury trial of two counts of aggravated murder with firearm specifications as well as a death penalty specification, upon which he is currently incarcerated serving a sentence (on the merged counts) of life imprisonment, with parole eligibility after thirty years, with a consecutive three year mandatory term of imprisonment on the firearm specification.

　　　　On August 1, 2005 the petitioner appealed his convictions to the Ohio Ninth District Court of Appeals alleging fourteen assignments of error:

　　　　　　I.　　The trial court violated the appellant's right to a public trial as guaranteed by the Sixth and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

1

II. The appellant's grand and petit jury's under representation of African Americans and Hispanic Americans was in violation of the Sixth and Fourteenth Amendments of the federal constitution.

III. Counsel's failure to request an investigator and/or obtain an investigator was ineffective assistance of counsel under the federal constitution and prejudice must be presumed under the unique facts of this case.

IV. The trial court erred in failing to instruct the jury on 'residual doubt' or allowing counsel to argue 'residual doubt' in violation of the Sixth, Eighth and Fourteenth Amendments of the federal constitution.

V. The trial court abused its discretion in denying a motion for mistrial when the state's primary eyewitness testified he passed a polygraph with respect to who shot the named victim in the appellant's conviction.

VI. The state committed *Brady* and *Kyles* violation when it failed to disclose the results of the lie detector test administered to David Hollis.

VII. The trial court over objection of the appellant, instructed the jury on flight in violation of the due process clause of the Fourteenth Amendment of the federal constitution when there was not sufficient evidence of flight.

VIII. The trial court committed plain error under Crim.R. 52 and trial counsel was ineffective under the federal constitution when the alternate jurors were allowed to be in the jury deliberation room while the jury was deciding appellant's guilt.

IX. Trial counsel was ineffective under the federal constitution when they failed to present available testimony that the named victim in the appellant's conviction was his step brother.

X. There is insufficient evidence under *Jackson v. Virginia* that the homicide was done with 'prior calculation and design' rather than only purposely and the weight of the evidence supports only a murder conviction.

> XI. There is insufficient evidence under *Jackson v. Virginia* to sustain the homicide conviction and the weight of the evidence supports the homicide conviction.
>
> XII. There is insufficient evidence under *Jackson v. Virginia* to sustain the capital specification under R.C. 2929.04(A)(8) and the weight of the evidence support the conviction for the capital specification.
>
> XIII. The trial court erred in ordering the appellant to pay the medical and funeral expenses of the victim.
>
> XIV. The cumulative errors deprived the appellant of due process under the Fourteenth Amendment of the federal constitution.

On September 25, 2006 the appellate court affirmed the convictions, with the exception being that the court sustained the thirteenth assignment of error and vacated the trial court's order requiring restitution.

Petitioner appealed the appellate court ruling to the Ohio Supreme Court, alleging the following seven propositions of law:

> **Proposition of Law No. I**: When the trial court excludes the public from the courtroom during a criminal trial, the trial court's failure to articulate on the record substantial reasons to support closure, to consider alternatives to closure and to narrowly tailor the courtroom's closure order, constitutes structural error, which contravenes the Sixth amendment to the United States Constitution, and sections 10 and 16, Article I of the Ohio Constitution.
>
> **Proposition of Law No. II**: A trial court's denial of a motion for mistrial after improper testimony regarding a key witness's performance on a "lie detector" test deprives the defendant of a fair trial and due process of law. Fifth and Fourteenth Amendments, United States Constitution, Article I of the Ohio Constitution.
>
> **Proposition of Law No. III**: When the State fails to timely disclose that the key prosecution witness submitted to a polygraph examination, the defendant is deprived of the right to fundamental fairness and due process of law. Fifth and Fourteenth Amendments,

> United States Constitution; Sections 10 and 16, Article I, Ohio Constitution.
>
> **Proposition of Law No. IV**: When the trial court instructs the jury that evidence of "flight" may tend to show a consciousness of guilt, but there is no credible evidence supporting that instruction, the accused is deprived of the right to a fair trial.  Fifth and Fourteenth Amendments, United States Constitution; Sections 10 and 16, Article I, Ohio Constitution.
>
> **Proposition of Law No. V**: When a State fails to present sufficient evidence to support all of the elements of the offenses charged by proof beyond a reasonable doubt, an accused's conviction contravenes the Due Process Clauses of the State and Federal Constitutions. Fifth and Fourteenth Amendments, United States Constitution; Sections 10 and 16, Article I, Ohio Constitution.
>
> **Proposition of Law No. VI**: Where there is not overwhelming evidence offered to prove guilt and trial counsel makes numerous critical, prejudicial errors during trial, the accused is deprived of the constitutionality guaranteed right to the effective assistance of counsel.  Sixth and Fourteenth Amendments, United States Constitution; Section 10, Article I, Ohio Constitution.
>
> **Proposition of Law No. VII**: When numerous serious errors occur during a criminal defendant's capital trial, and when the State's evidence of guilt hinges on the jury's favorable evaluation of a codefendant's credibility, whose claims are inherently incredible, the due process clauses of the State and Federal constitutions mandate that the defendant's conviction be reversed.  Fifth and Fourteenth Amendments, United States Constitution; Sections 10 and 16, Article I, Ohio Constitution.

On February 28, 2007 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On May 1, 2008 the petitioner filed his first habeas petition, in which he raised fourteen claims for relief which paralleled those raised on direct appeal to the Ohio Ninth District.  Three weeks later, petitioner moved to dismiss the petition without prejudice, so that he could attempt to exhaust those claims in the state courts via a Rule 26(B) application to reopen his appeal.  On

May 28, 2008, Judge Christopher Boyko dismissed that habeas petition without prejudice.

On August 8, 2008 petitioner, acting pro se, filed a motion for a delayed reopening of his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, alleging that he had been denied the effective assistance of appellate counsel on appeal to the Ohio Ninth District and on appeal to the Ohio Supreme Court, in light of counsel's failure to raise a number of issues.  On April 30, 2009 the appellate court denied petitioner's motion as having been untimely filed.

Petitioner failed to file a timely appeal of that ruling to the state supreme court, instead filing a motion for leave to file a delayed appeal, which was denied by that court, the reason being that Rule II, Section 2(A)(4)(c) of the Rules of Practice of the Supreme Court of Ohio, does not permit filing of delayed appeals of denials of Rule 26(B) attempts to reopen appeals.

Petitioner filed the instant petition for writ of habeas corpus on December 30, 2009, in which he raises the same fourteen claims for relief raised in his direct appeal to the Ohio Ninth District.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).

The respondent argues, and this Court agrees, that the instant petition has been untimely filed and should be dismissed on that basis.

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired.  Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Ohio Supreme Court and the Sixth Circuit Court of Appeals have determined that a Rule 26(B) application to reopen an appeal is a collateral, post-conviction relief procedure. Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004). Accord, Anderson v. Bradshaw, 2010 U.S. Dist. LEXIS 31284 (N.D. Ohio, Mar. 31, 2010) (Judge Nugent); Chapman v. Moore, Case No. 1:04CV0361, 2005 U.S.Dist. LEXIS 33139 (N.D.Ohio December 15, 2005) (Judge Wells). Thus, the filing of such an application would toll the running of the one year limitation period under §2244(d) only while it is "actually pending" before the Ohio courts. Bronaugh v. Ohio, 235 F.3d 280, 283-286 (6th Cir. 2000). In order to toll the limitations period that application must have been "properly filed," which the United States Supreme Court has defined as being "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, applicable time limits upon its delivery, the court and office in which it must be lodged, and payment of a filing fee." Artuz v. Bennett, 531 U.S. 4 (2000). If a state court finds that a post-conviction or other collateral proceeding has not been "properly filed" in accordance with state procedural rules, that action will not toll the AEDPA limitations period. Pace v. DiGuglielmo, 544 U.S. 408 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).")

6

In the present case petitioner's conviction became final on May 29, 2007, ninety days after the state supreme court denied leave to appeal. Petitioner had one year from that date to file a petition for writ of habeas corpus, which he did by filing his first habeas petition on May 1, 2008. That petition was timely filed. However, at petitioner's request, that petition was dismissed without prejudice. The limitations period was not tolled by the filing of the first petition for writ of habeas corpus, as Section 2244 (d)(2) provides that it is only actions filed in state, and not federal, court which toll the running of the statute. Duncan v. Walker, 533 U.S. 167 (2001).

After the one year limitations period expired, the petitioner filed with the state court (on August 8, 2008) his Rule 26(B) application to reopen his appeal, which that court deemed to have been untimely filed. Thus, even if the application to reopen had been filed prior to the expiration of the one-year limitations period, it nonetheless would not have been properly filed and, therefore, could not have tolled the running of the limitations period. The instant petition, which was not filed until December 30, 2009, is clearly untimely.

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus. It is petitioner's burden to demonstrate the necessity of equitable tolling, which is infrequently applied by the courts. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). Having failed to make such a showing, petitioner is not entitled to equitable tolling of the limitations period.

That being so, in light of all the foregoing the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.

                s/DAVID S. PERELMAN
                United States Magistrate Judge

DATE: June 23, 2010

## OBJECTIONS

  Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).