IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
SAM HAIRSTON, III,  : CASE NO. 1:10 CV 0019
 :
                Petitioner, :
 : OPINION AND ORDER DENYING
        -vs- : MOTION FOR RECONSIDERATION
 : DECLINING TO ISSUE A
 : CERTIFICATE OF APPEALABILITY
BENNIE D. KELLY, : AND GRANTING APPLICATION TO
 : PROCEED IN FORMA PAUPERIS
                Respondent. :
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Petitioner Sam Hairston ("Mr. Hairston") sought a writ of habeas corpus on 5 January 2010. (Doc. 1). After briefing was complete, and in full consideration of Mr. Hairston's 9 June 2010 responsive pleading (Doc. 9), United States Magistrate Judge David S. Perelman submitted a Report and Recommendation ("R&R") proposing denial of the petition as procedurally barred as untimely. (Doc. 10). After no objections were raised regarding the R & R, this Court issued an Opinion and Order adopting the R & R and dismissing the habeas petition. (Doc. 11).

      Petitioner has now filed a Motion for Reconsideration (Doc. 13), a Notice of Appeal (Doc. 14), a motion for certificate of appealability ("COA") (Doc. 15), and requests leave to proceed in forma pauperis. (Doc. 16).

This Court will deny Mr. Hairston's motion for reconsideration as it is predicated upon his mistaken contention that his 9 June 2010 responsive pleading was not considered by the Magistrate Judge. Rather, Mr. Hairston failed to file any timely objections to the Magistrate Judge's Report and Recommendation. Instead, the Petitioner's motion for reconsideration merely reiterates his 9 June 2010 responsive pleading already considered by the Court. Further, the untimely submission of the Petitioner's motion – without explanation – on 19 July 2010, nearly a month after the filing of the R & R, on 23 June 2010, alone warrants denial.

The Court will also deny Mr. Hairston's request for a Certificate of Appealability ("COA"). An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a COA is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. In re Certificates of Appealability, 106 F.3d at 1307.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.

Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The limitations period for Mr. Hairston's habeas petition was not tolled by the filing of his 1 May 2008 petition as 28 U.S.C. § 2244(d)(2) provides tolling only for actions filed in state, rather than federal, court. Mr. Hairston's Rule 26(B) application, filed after the expiration of the time period, could not revive the petition. (Doc. 10, pp. 6-7).

For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a COA.

In sum, the Court finds that jurists of reason would not find the Court's assessment of petitioner's claims for habeas corpus relief to be debatable or wrong. Slack v. McDaniel, 529 U.S. 483, 484 (2000). Therefore, petitioner has failed to show that he is entitled to a COA. Accordingly, the court declines to issue a COA.

Petitioner's application to proceed in forma pauperis, however, will be granted. (Doc. 16). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." United States v. Cahill-Masching, 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable

person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir.2000). Although the court finds that a COA should not issue, the court concludes that an appeal in this case may be taken in good faith.

Accordingly, the Court denies Mr. Hairston's motion for reconsideration, declines to issue a certificate of appealability, and grants the Petitioner's application to proceed on appeal without prepayment of fees and costs.

      IT IS SO ORDERED.

                                      /s/Lesley Wells
                                  UNITED STATES DISTRICT JUDGE

Date: 29 October 2010